IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-30335
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

CHRISTOPHER R. WILLIS,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:05-CR-203-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The district court granted Christopher Willis's motion to suppress evidence seized and statements made following his arrest. We reverse.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Detective Dennis Smith of the Baton Rouge Police Department ("BRPD") Narcotics Division and agents of the Drug Enforcement Administration ("DEA") were investigating Willis for suspected drug activity. Smith and DEA Special Agent Sandy Norton interviewed several informants who had engaged in drug trafficking with Willis, including Lyndsie Harrington. At one meeting, Harrington told Norton that Willis had threatened her with physical harm if she cooperated with law enforcement agents.

Based on that information, Norton served Harrington with a subpoena to testify about Willis's drug trafficking. Harrington and Smith arranged for Harrington to call Willis about the subpoena while Norton recorded the call. Norton successfully recorded the conversation, during which Willis threatened to have Harrington killed if she testified.

Norton and Smith reviewed the tape and, after consulting with an Assistant United States Attorney, decided to arrest Willis. They asked the BRPD for help in finding Willis, and one of its marked squad cars stopped Willis in his car. He was arrested, and Norton soon arrived to take him into custody. After being read his Miranda rights, Willis consented to have his vehicle and residence searched and later gave police a detailed confession. Norton then obtained a warrant for Willis's arrest.

At trial, Willis moved that his confession and the evidence obtained from his arrest be suppressed for want of probable cause to arrest. The district court suppressed the evidence obtained from the arrest and all statements made to police before the warrant was issued.

II.

We review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Ibarra, 493 F.3d 526, 530 (5th Cir. 2007)

(citing United States v. Runyan, 275 F.3d 449, 456 (5th Cir. 2001)). The evidence is viewed in the light most favorable to the prevailing party. United States v. Santiago, 410 F.3d 193, 197 (5th Cir. 2005) (citing United States v. Solis, 299 F.3d 420, 436 (5th Cir. 2002)). "If the record supports more than one permissible interpretation of the facts, the reviewing court will accept the district court's choice between them, absent clear error." Id. (citing United States v. Posada-Rios, 158 F.3d 832, 868 (5th Cir. 1998)).

An arrest without a warrant is proper only if probable cause supports it. See Martinez-Aguero v. Gonzalez, 459 F.3d 618, 625 (5th Cir. 2006) (citing Atwater v. City of Lago Vista, 195 F.3d 242, 244 (5th Cir. 1999) (en banc)). The district court found that the police did not have probable cause to arrest Willis, because they lacked personal knowledge of the probable cause and because Norton and Smith had time to get an arrest warrant but failed to do so.

The arresting officers did have probable cause to arrest. Although they did not personally have the factual knowledge needed for probable cause, Norton and Smith did. "Under the collective knowledge doctrine, it is not necessary for the arresting officer to know all of the facts amounting to probable cause, as long as there is some degree of communication between the arresting officer and an officer who has knowledge of all the necessary facts." Ibarra, 493 F.3d at 530 (citing United States v. Kye Soo Lee, 962 F.2d 430, 435 (5th Cir. 1992)). The knowledge Smith and Norton gained from listening to the tape is imputed to the arresting officers, giving them probable cause. It does not matter that the arresting officers did not have direct contact with Smith and Norton; even though the orders to arrest came through a dispatcher and did not specify the conduct that led to the arrest order, the collective knowledge doctrine applies.[1]

---

[1] See United States v. Ibarra-Sanchez, 199 F.3d 753, 759 (5th Cir. 1999) ("[I]f [the investigating officer] possessed sufficient reasonable suspicion to stop the van when he made his call (continued...)

The district court was also mistaken when it ruled the searches in violation of the Fourth Amendment on the ground that there were no "exigent circumstances" that would have prevented Smith or Norton from obtaining an arrest warrant. This exigent circumstances discussion is misplaced. "Even if [Smith or Norton] would have been successful in obtaining a warrant before the stop, officers are not required to do so as soon as it is practicable to do so." United States v. Ibarra-Sanchez, 199 F.3d 753, 759 (5th Cir. 1999) (citing United States v. Carrillo-Morales, 27 F.3d 1054, 1063 (5th Cir. 1994)). "Put simply, when probable cause exists, the timing of an arrest is a matter that the Constitution almost invariably leaves to police discretion." United States v. Wichenbach, 197 F.3d 548, 554 (1st Cir. 1999) (citations omitted). Norton and Smith could have obtained a warrant for Willis's arrest but did not, and that decision was constitutionally permissible.

We REVERSE the suppression order and REMAND for further proceedings as appropriate.

---

[1] (...continued)
to the dispatcher, then the actual stop by [the arresting] officers, acting on behalf of the dispatcher's bulletin, was also supported by reasonable suspicion.") (citation omitted).