# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30838

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellant

v.

JOSEPH CLARK, III,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-49

Before KING, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

　　　　Defendant–Appellee Joseph Clark, III, was indicted on one count of possession of a firearm by a convicted felon and one count of possession with intent to distribute heroin. Clark moved to suppress evidence obtained from the search of his person and vehicle, and the district court granted the motion, concluding that the searches were not incident to a lawful arrest. Because there was probable cause to arrest Clark and because the search of Clark's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

person and vehicle were incident to that arrest, we REVERSE the district court's order granting the motion to suppress and REMAND for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, a confidential informant[1] notified Detective David Burtwell of the Baton Rouge Police Department (BRPD) that Defendant–Appellee Joseph Clark, III, was selling heroin from an apartment in Baton Rouge, Louisiana, and that the informant had seen Clark with a handgun on numerous occasions as a passenger in Clark's vehicle. Detective Burtwell used the informant to execute a controlled purchase of heroin from Clark, and thereafter on October 3, 2014, BRPD obtained a search warrant for Clark's apartment and for any vehicles on the premises.

On October 7, 2014—prior to the execution of the search warrant— BRPD officers were conducting surveillance of the apartment when they observed Clark and another individual leave the apartment, enter Clark's vehicle, and drive away. The officers followed the car for some distance, at which point they communicated with Detective Burtwell, who ordered them to "shut him down." The officers pulled the car over on a public road, placed Clark and his passenger in handcuffs, advised them of their *Miranda* rights, and informed them of the investigation. The officers conducted a preliminary pat-down search of Clark and his passenger for weapons, but Clark's vehicle was not immediately searched. Fifteen to thirty minutes following the stop, the officers brought the two suspects and the vehicle back to Clark's apartment. BRPD executed the search warrant of Clark's apartment, discovering, *inter alia*, a handgun. During this period, Detective Burtwell and other BRPD

---

[1] The informant had previously provided Detective Burtwell with information leading to narcotics seizures and felony arrests.

officers also searched Clark's person and vehicle, discovering one gram of heroin on Clark's person and twenty-two ounces of heroin under the driver's seat of Clark's vehicle.

Clark was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1).  Clark moved to suppress the evidence discovered on his person and in his vehicle.  The district court granted the motion, finding that the search warrant could not be the basis for searching Clark or his vehicle because Clark had left the immediate vicinity of the premises that were the subject of the search warrant.  The district court further determined that the search of Clark and his vehicle could not be justified as a search incident to a probable cause arrest because such a search implied contemporaneity between the facts establishing probable cause and the arrest.[2]  The district court also found that the seizure of Clark's vehicle could not be justified as a lawful traffic stop.  The district court therefore concluded that the evidence found on Clark's person and in his vehicle were obtained unlawfully and suppressed the evidence.  ROA.80.  The United States timely appealed.  ROA.103–14.

## II. STANDARD OF REVIEW

"When examining a district court's ruling on a motion to suppress, we review questions of law de novo and factual findings for clear error." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009).  Because the existence of probable cause is a mixed question of fact and law, "[t]his Court reviews the factual findings underlying the district court's probable cause determination for clear error, but reviews the legal question of whether those facts establish

---

[2] The district court noted that "the outcome of [its] ruling likely would have been quite different had BRPD obtained an arrest warrant."

probable cause de novo." *Id.* at 103. We review the evidence in the light most favorable to the prevailing party: Clark. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

## III. SEARCH INCIDENT TO A LAWFUL ARREST

On appeal, the Government contends that BRPD discovered the heroin on Clark's person and in his vehicle as part of a search incident to a probable cause arrest.[3] "We have long known that law enforcement officials may arrest an individual in a public place without a warrant if they have probable cause to believe that the individual committed a felony." *United States v. Garcia*, 179 F.3d 265, 268 (5th Cir. 1999). And "[p]robable cause exists when the facts available at the time of the arrest would support a reasonable person's belief that an offense has been, or is being, committed and that the individual arrested is the guilty party." *Hearn*, 563 F.3d at 103 (quoting *Hart v. O'Brien*, 127 F.3d 424, 444 (5th Cir. 1997)). Whether probable cause exists is determined based on the totality of the facts and circumstances. *United States v. Zavala*, 541 F.3d 562, 575 (5th Cir. 2008). In the instant matter, a confidential informant communicated to Detective Burtwell that Clark was selling heroin out of his apartment, and that information was corroborated by a subsequent controlled purchase. *See United States v. De Los Santo*, 810 F.2d 1326, 1336 (5th Cir. 1987) (holding that police had probable cause to arrest a suspect based on corroborated information provided by an informant). Based on the totality of the circumstances, probable cause existed for BRPD officers to arrest Clark.[4]

---

[3] The Government expressly abandoned on appeal any arguments that the search of Clark's person and vehicle were justified as based on the search warrant or as pursuant to a traffic stop.

[4] The detention of Clark constituted an arrest because no "reasonable person would have believed that he was free to leave" after being handcuffed, given *Miranda* warnings, and transported by police officers. *United States v. Massi*, 761 F.3d 512, 522 (5th Cir. 2014)

No. 15-30838

The district court's conclusion that there must be contemporaneity between the evidence supporting probable cause and the arrest is unsupported by precedent. Neither of the cases cited by the district court—*Maryland v. Pringle*, 540 U.S. 366 (2003), or *Blackwell v. Barton*, 34 F.3d 298 (5th Cir. 1994)—requires such contemporaneity; rather, both cases explain that probable cause exists if the facts prior to arrest provide an officer with a reasonable belief that a suspect had committed an offense. *See Pringle*, 540 U.S. at 369–74; *Blackwell*, 34 F.3d at 303. Moreover, the Supreme Court has recognized that "[t]he necessary inquiry . . . [is] not whether there was a warrant or whether there was time to get one, but whether there was probable cause for the arrest." *United States v. Watson*, 423 U.S. 411, 417 (1976). After discussing the permissibility of warrantless arrests based on probable cause, the *Watson* Court upheld the warrantless arrest of the defendant, even though the arrest took place approximately six days after probable cause for the arrest was first obtained and the Government never sought an arrest warrant. *Id.* at 412–13, 423–424.

Furthermore, we have previously recognized that "when probable cause exists, the timing of an arrest is a matter that the Constitution almost invariably leaves to police discretion." *United States v. Willis*, 304 F. App'x 256, 258 (5th Cir. 2008) (per curiam) (unpublished) (quoting *United States v. Winchenbach*, 197 F.3d 548, 554 (1st Cir. 1999)). Thus, probable cause existed to arrest Clark because the earlier tip from the confidential informant and the controlled purchase provided BRPD with facts that "would support a reasonable person's belief that an offense ha[d] been . . . committed and that

---

(quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). Furthermore, while BRPD officers other than Detective Burtwell initially arrested Clark, those officers had probable cause to arrest Clark based on his previous heroin sales because the officers were in communication with Detective Burtwell. *See United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007) (discussing the collective knowledge doctrine).

the individual arrested [was] the guilty party."[5]  *Hearn,* 563 F.3d at 103 (quoting *Hart,* 127 F.3d at 444).

Once police make a lawful arrest, a full search of a person incident to the arrest "requires no additional justification" and constitutes a reasonable search under the Fourth Amendment. *United States v. Robinson*, 414 U.S. 218, 235 (1973); *accord United States v. Johnson*, 445 F.3d 793, 795 (5th Cir. 2006).[6] Similarly, police may also search a vehicle incident to arrest "when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, 343 (2009).  In the present case, BRPD police officers lawfully searched Clark's person incident to the lawful arrest and Clark's vehicle based on the belief that they would find evidence related to the distribution of heroin.[7]  The district court therefore erred in granting Clark's motion to suppress the evidence from those searches.

---

[5] Even though Clark was arrested approximately four to six days after the controlled purchase, Clark has not pointed to any subsequently discovered facts discrediting the confidential informant or the controlled purchase.  *See* 2 Wayne R. LaFave, *Search and Seizure* § 3.7(a) (5th ed. 2015) ("Assuming no contrary facts later come to light, this probable cause [to arrest] will continue to exist for an indefinite period."); *cf. Watson*, 432 U.S. at 431 n.5 (Powell, J., concurring) (noting that an arrest warrant could become stale because "the original grounds supporting the warrant could be disproved by subsequent investigation").

[6] While the Supreme Court's recent decision in *Bailey v. United States*, 133 S. Ct. 1031 (2013), prohibits the search warrant from serving as a valid basis for searching Clark's person and vehicle because Clark "ha[d] left the immediate vicinity of a premises to be searched," *id.* at 1043, the lawfulness of Clark's arrest was founded on a basis recognized explicitly by *Bailey*, *see id.* at 1042 ("If officers elect to defer the detention until the suspect or departing occupant leaves the immediate vicinity, the lawfulness of detention is controlled by other standards, including, of course . . . an arrest based on probable cause.").

[7] Even though the search of Clark's vehicle occurred approximately fifteen to thirty minutes after Clark's lawful arrest, "[a] search is incident to an arrest for 'as long as the administrative process incident to the arrest and custody have not been completed.'" *United States v. Curtis*, 635 F.3d 704, 712 (5th Cir. 2011) (quoting *United States v. Finley*, 477 F.3d 250, 260 n.7 (5th Cir. 2007)).

No. 15-30838

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the district court's order granting the motion to suppress and REMAND for further proceedings consistent with this opinion.